# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**May 1, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARSHA SKINNER,**
**Claimant Below, Petitioner**

**vs.) No. 22-ICA-282**          (JCN: 2021018017)

**ACNR RESOURCES, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Marsha Skinner appeals the November 1, 2022, order of the Workers' Compensation Board of Review ("Board"), which affirmed two claim administrator's orders dated June 3, 2022. Respondent ACNR Resources, Inc.[1] ("ACNR") filed a timely response.[2] Ms. Skinner did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's orders that denied the addition of certain compensable conditions to the claim and the reopening of temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On February 25, 2021, while working as an ACNR coal miner, Ms. Skinner slipped and twisted her left knee while walking underground from one work area to another. On February 26, 2021, Ms. Skinner was seen at the Fairmont Medical Center emergency

---

[1] For reasons not readily apparent in the appendix record, the Respondent has substituted "Marion County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc*., __ W. Va. __, __ n.1, 880 S.E.2d 89, 91 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] Ms. Skinner is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq. ACNR Resources, Inc. is represented by Aimee M. Stern, Esq.

1

department, complaining of anterior and posterior left knee pain during ambulation. X-rays were taken and interpreted as negative for bony injury. Minimal degenerative changes were noted but there was evidence of effusion. Ms. Skinner was prescribed a knee immobilizer and crutches and was instructed to take anti-inflammatory medications and remain off work until she could be seen by orthopedics and cleared to return to work.

The claim administrator issued an order approving her claim dated March 8, 2021, for a "sprain of unspecified side of the knee, ICD Code S83.92." Ms. Skinner was granted TTD benefits from February 26, 2021, through March 17, 2021.

On March 17, 2021, Ms. Skinner was evaluated at United Hospital Center ("UHC") Orthopaedics in Bridgeport, West Virginia, by William Nelson, PA-C. Mr. Nelson diagnosed left knee pain and noted a plan to obtain an MRI while Ms. Skinner continued with conservative care. Ms. Skinner underwent an MRI on April 2, 2021, that showed no discrete meniscal, ligamentous, or osseous abnormality; small knee joint effusion; and moderate tri-compartmental chondral loss. Natural cartilage degeneration was noted, and Mr. Nelson discussed conservative treatment with Ms. Skinner, including bracing, activity modifications, steroid injections, and the use of anti-inflammatories, versus surgical intervention.

On May 11, 2021, Ms. Skinner saw William J. Dahl, M.D., of UHC Orthopaedics. Dr. Dahl assessed primary osteoarthritis of the left knee, injury of the left knee, subsequent encounter, and indicated that a steroid injection was administered in Ms. Skinner's left knee. On May 24, 2021, Ms. Skinner returned and reported no relief from the injection. Dr. Dahl assessed degenerative internal semilunar cartilage of the left knee and advised her to return on July 13, 2021, for evaluation by his colleagues to discuss additional treatment options.

On June 7, 2021, Ms. Skinner was seen by Prasadarao Mukkamala, M.D., for an independent medical evaluation ("IME"). Dr. Mukkamala found Ms. Skinner to be at maximum medical improvement ("MMI") for the approved diagnosis of sprain of the left knee. He recommended against a total knee arthroplasty and stated that any surgery performed would be to address a non-compensable preexisting degenerative arthrosis because her work injury had completely resolved. Dr. Mukkamala noted that Ms. Skinner's March 17, 2021, MRI showed moderate tri-compartmental chondral loss, which was a degenerative condition, and opined that there were no reliable and credible findings for her to qualify for an impairment rating. Accordingly, he rated her at 0% whole person impairment for her work injury. Based on his report, the claim administrator issued a June 9, 2021, order suspending Ms. Skinner's TTD benefits unless she produced additional evidence to support continued benefits.

On July 13, 2021, Ms. Skinner was seen by Justin Brewer, PA-C, at UHC Orthopaedics, who administered another left knee injection. He opined that Ms. Skinner's

2

condition was the result of primary osteoarthritis of the left knee and patellofemoral pain syndrome, and that she was not a candidate for total knee replacement. His progress note indicates that Ms. Skinner reported to him that her knee pain limited her ability to work and she asked him to write her a note to stay off work, but Mr. Brewer did not feel that was appropriate. He felt that she had a chronic knee condition that had been going on for many years and explained that knee arthritis was not a condition for which people are typically written off work. Mr. Brewer offered that she might obtain a second opinion for additional evaluation.

On July 19, 2021, the claim administrator issued an order closing Ms. Skinner's claim for TTD benefits. Ms. Skinner protested.

Also on July 19, 2021, Chad Micucci, M.D., evaluated Ms. Skinner at Mountain State Orthopedic Associates. Dr. Micucci reviewed the prior x-rays and MRI of Ms. Skinner's knee and found age-appropriate cartilage thinning and arthritis that he determined was not significant. He recommended that she start physical therapy. Dr. Micucci administered intra-articular injections to Ms. Skinner's left knee on October 11, 2021.

Ms. Skinner received another opinion from Jacob Conjeski, M.D., on January 6, 2022, who noted that Ms. Skinner was experiencing worsening left knee pain since her work injury. He opined that she most likely had degenerative changes to her articular cartilage and recommended a diagnostic arthroscopy, which he performed on March 1, 2022. During that procedure, Dr. Conjeski also performed a partial medial meniscectomy for a degenerative tear and a chondroplasty of the patella and distal medial femoral condyle. Dr. Conjeski's post-operative diagnoses were left knee medial meniscus tear and left knee osteoarthritis. He wrote a Diagnosis Update dated May 16, 2022, requesting the addition of left knee meniscus tear and left knee osteoarthritis as compensable conditions in Ms. Skinner's claim. Ms. Skinner also filed a Claim Reopening Application dated May 16, 2022, requesting TTD benefits from November 10, 2021, to June 22, 2022, for these diagnoses.

On June 3, 2022, the claim administrator issued an order denying Ms. Skinner's request to reopen the claim for TTD benefits, and another order denying Dr. Conjeski's Diagnosis Update request to add the two additional conditions to the claim. Ms. Skinner protested both orders.

Dr. Mukkamala supplied a supplemental report dated July 19, 2022, stating that the April 2, 2021, MRI of Ms. Skinner's left knee did not show a meniscal tear. He stated that Ms. Skinner's osteoarthritis preexisted her work injury, and that the mechanism of the work injury would not cause osteoarthritis.

By order dated November 1, 2022, the Board affirmed both claim administrator orders. The Board stated that the April 2, 2021, MRI, taken five weeks after the work injury, did not show the meniscal tear, and that Dr. Mukkamala's supplemental report opined that Ms. Skinner did not develop the meniscal tear as a result of her work injury. Moreover, the Board noted that Dr. Mukkamala opined that osteoarthritis does not develop from an isolated injury such as a slip and fall with twisting of the knee as occurred here. The Board also relied on Dr. Mukkamala's opinion in affirming the denial of the claim reopening for TTD benefits, stating that Dr. Mukkamala had previously found Ms. Skinner to be at MMI, and that Dr. Conjeski had listed non-compensable conditions of left knee meniscal tear and primary osteoarthritis on her reopening application. It is from the Board's order that Ms. Skinner now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Ms. Skinner argues that her meniscal tear was not visible on the MRI and was not discovered until Dr. Conjeski performed the diagnostic arthroscopy over a year after her injury, so she did not receive appropriate treatment for her work injury despite her continued complaints of debilitating knee pain. Once seen by Dr. Conjeski, he appreciated the conservative measures of physical therapy and injections she had previously tried had failed, and suggested the diagnostic procedure wherein he finally found the meniscal tear and osteoarthritis in her left knee. Ms. Skinner submits that this is supported by the fact that she had worked full duty prior to the injury, and that her debilitating symptoms appeared and continuously manifested thereafter, in accordance with Syl. Pt. 5, *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022). Because the resulting meniscal tear was not discovered for more than a year after the injury,

4

she argues that she was forced to limp during ambulation, which resulted in previously asymptomatic arthritis becoming symptomatic. She avers that because there is no evidence that these conditions predated her injury, the *Moore* presumption must be resolved in her favor, finding that the meniscal tear and osteoarthritis are the result of her work injury and are therefore compensable.

However, we note that although Dr. Conjeski completed the Diagnosis Update requesting the addition of the conditions to Ms. Skinner's claim, his own operative report plainly states that Ms. Skinner's torn meniscus was degenerative in nature, as one of his post-operative arthroscopic findings was "[d]egenerative tear of the posterior horn of the medial meniscus." Dr. Conjeski's Diagnosis Update also fails to explain how Ms. Skinner's advanced knee osteoarthritis or degenerative meniscus tear were caused by her compensable injury. Although Ms. Skinner's brief argues that her prolonged limp caused her arthritis to become symptomatic, there is no corroborating medical opinion in the appendix record. The MRI performed approximately five weeks post-injury showed moderate tri-compartmental chondral loss, and another provider in the claim, Mr. Nelson, diagnosed "degeneration of internal semilunar cartilage of the left knee" after the workplace injury. Another of Ms. Skinner's orthopedic consultants, Mr. Brewer, concluded that her symptoms were not caused by the compensable injury but by preexisting chronic patellofemoral and tri-compartmental arthritis. Finally, as Dr. Mukkamala noted, the MRI did not show a meniscal tear, and it was his opinion that the slip and twisting of the knee that Ms. Skinner sustained in her February 26, 2021, work injury did not cause the meniscal tear and would not cause osteoarthritis. As such, we do not find error in the Board's conclusion to affirm the claim administrator's denial of the addition of the meniscal tear and osteoarthritis as compensable components of her claim.

Ms. Skinner also argues that the Board erred in affirming the denial of the reopening of her TTD benefits because Dr. Conjeski's operative report provides a prima facie cause to establish that there has been a progression or aggravation of her compensable condition, satisfying the standard found in *Harper v. State Workmen's Compensation Commissioner*, 160 W. Va. 364, 234 S.E.2d 779 (1977).[3] She submits that Dr. Conjeski's operative report establishes that her work injury resulted in a meniscal tear which caused a progression or aggravation of her previously asymptomatic osteoarthritis, making it symptomatic. Again, however, we note that the operative report itself describes the meniscal tear as degenerative in nature and does not establish that the meniscal tear was the result of the work injury, and there is no statement in the operative report concerning Ms. Skinner's osteoarthritis. Moreover, there is no evidence in the appendix record to establish that Ms. Skinner's work

---

[3] The *Harper* case states that in order to obtain a reopening of a claim, "the claimant must show a prima facie cause, which means nothing more than any evidence which would tend to justify, but not to compel the inference that there has been a progression or aggravation of the former injury." *Id*. at 364, 234 S.E.2d at 780, syl.

injury, which was identified and held compensable as sprain of the left knee, otherwise progressed or was aggravated. As the Board noted, it relied on Dr. Mukkamala's finding that Ms. Skinner was at MMI for her only compensable condition, the left knee sprain. As Ms. Skinner did not show a progression or aggravation of that condition, we find no error in the Board's order affirming the denial of the reopening of her TTD benefits.

Accordingly, we affirm the Board's November 1, 2022, order.

Affirmed.

**ISSUED:** May 1, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen

6